IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISSION

| | |
|---|---|
| DEBBIE L. PORTER, | * |
| Plaintiff, | * |
| v. | * |
| NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commission of Social Security, | *   No. 3:17cv00330-JJV |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff, Debbie L. Porter, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Ms. Porter had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers which she could perform despite her impairments. (Tr. 26-34.)

This review is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the Plaintiff was denied benefits due to a legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however,

reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in the case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Ms. Porter was forty-seven years old at the time of the administrative hearing. (Tr. 21.) She testified she is a high school graduate and has completed twelve hours of college credit. (*Id.*) She has past work experience as a fast food car hop and a Kool-Aid packer. (Tr. 185, 33.)

The ALJ[1] found Ms. Porter has not engaged in any substantial gainful activity since the alleged onset date. (Tr. 15.) She has severe impairments, but the ALJ found that these impairments did not meet or equal one of the listed impairments in 20 C.F.R. Part 4, Subpart P, Appendix 1.[2] (Tr. 15-17.)

The ALJ determined Ms. Porter has the residual functional capacity (RFC) to perform a reduced range of light work. (Tr. 17-21.) Based on this RFC, the ALJ determined Ms. Porter can no longer perform her past work. (Tr. 21.) He, therefore, utilized the services of a vocational expert to determine if jobs existed that Ms. Porter can perform despite her impairments. (Tr. 21,

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

46.) Based on the vocational expert's testimony, the ALJ determined Ms. Porter can perform the job of an office helper. (Tr. 22, 48.) Accordingly, the ALJ determined Ms. Porter is not disabled. (Tr. 34.)

The Appeals Council received additional evidence but denied Ms. Porter's request for a review of the ALJ's decision. (Tr. 1-3.) Therefore, the ALJ's decision is the final decision of the Commissioner. (*Id.*) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.) In support of her Complaint, Ms. Porter argues the Commissioner's decision is not supported by substantial evidence on the record as a whole. (Doc. No. 13 at 25-29.)

Ms. Porter clearly suffers from some level of pain and limitation. But after carefully considering the ALJ's opinion, the medical records, and the briefs from the respective parties, I find that the ALJ's opinion is supported by substantial evidence on the record as a whole.

Ms. Porter argues the ALJ incorrectly determined her RFC. (Doc. No. 13 at 25.) Specifically, Ms. Porter argues the evidence does not support her ability to meet the walking and standing requirements of light work, her ability to handle objects frequently, and the absence of a restriction accounting for her alleged reaching and fingering ability. (Doc. No. 13 at 27-29.) Additionally, Ms. Porter argues the ALJ did not consider the mental limitations at steps two and three of the process in determining her RFC. (Doc. No. 13 at 28.)

I find these arguments to be somewhat persuasive. Nevertheless, I find the ALJ's decision is supported by substantial evidence. The ALJ gave great weight to the State medical consultants' assessments – doctors who never examined Plaintiff - but he still evaluated and weighed the entirety of the record. (Tr. 17-21.) He weighed Ms. Porter's testimony, the prior assessments, the medical files and reports, and the vocational expert's testimony. The Defendant correctly states that the prior assessments are performed by experts and are reliable for the purposes of assessing

the impairments, their severity and the RFC of the claimant. (Doc. No. 14 at 14.) The State medical consultants found that Ms. Porter could perform the requirements of light work. (Tr. 63, 81.) Even after the ALJ's added restrictions, the vocational expert determined there were still jobs available in the national economy. (Tr. 22, 48.) A large amount of medical evidence provided by Ms. Porter's healthcare providers explains the tragic accident and the medical events immediately following. While I recognize this event was extremely traumatic for Ms. Porter, the medical evidence which follows generally shows Ms. Porter's improvement and provides an adequate foundation for the ALJ's determination.

Though the ALJ did not specifically discuss Ms. Porter's ability to walk or stand, he did note that she testified to being able to stand for one hour and walking for twenty minutes before needing rest. (Tr. 18, 41.) She previously stated she could stand and walk for two hours. (Tr. 192.) The State medical consultants both determined Ms. Porter could stand/walk or sit (with normal breaks) for six hours in an eight-hour workday. (Tr. 62, 81.) And no evidence in the record suggests Ms. Porter functionally could not meet these requirements. As the ALJ noted, Dr. Ching-shan Lin, M.D., discussed her chronic back pain, but did not report that it reduced her RFC. (Tr. 774.) Accordingly, the ALJ gave the statement very little weight. (Tr. 20-21.)

The same analysis follows for Ms. Porter's ability to handle objects frequently. The ALJ commented on all of the evidence in his determination of Ms. Porter's RFC. (Tr. 17-21.) He correctly determined that while she testified to restrictions in her hands and was diagnosed with bilateral carpal tunnel syndrome, the medical evidence does not speak to Ms. Porter's functionality. (Tr. 33, 645.) Rather, the State medical consultants noted that, according to the medical evidence, she presumably has no limitations regarding handling objects frequently. (Tr. 62, 81.) Additionally, the medical evidence shows her burn wounds were healed and improving.

(Tr. 540-550.) She also stated she had no pain management issues and reported her pain to be 0 or insensate. (*Id.*)

Ms. Porter's argument regarding the lack of a reaching and fingering limitation follows the same pattern as above. The ALJ asked the hypothetical questions based on Ms. Porter's own testimony. (Tr. 33, 50.) In his report, the ALJ determined that no medical evidence revealed a limitation in these areas; therefore, he did not include the limitation in the RFC. (Tr. 17-21.) He likewise relied on the expert medical opinions from the State medical consultants and Ms. Porter's consistent improvement. (Tr. 62, 81, 540-550.)

Ms. Porter's last argument alludes to the differences of mental impairment analysis in the ALJ's determination. I find no fault here on the ALJ's part. He correctly stated that steps two and three of the sequential evaluation process are analyzed independently of steps four and five, including the RFC determination. (Tr. 17.) When forming Ms. Porter's RFC, the ALJ weighed the entirety of the relevant medical history and made the determination. (Tr. 17-21.) He, as well as the State medical consultants, noted that Ms. Porter's mental impairments had improved and were not disabling. (Tr. 20, 63, 82, 796.)

I find that this case hinges mainly on the evidence of Ms. Porter's functional ability, or lack thereof. The ALJ added restrictions to the light work requirements which he could medically show were applicable. (Tr. 17-21.) The arguments Ms. Porter raises against the RFC fail because there is little evidence of the restrictions she alleges. The Commissioner correctly asserts that 20 C.F.R. § 416.920(b) gives the ALJ discretion to recontact the treating physicians, but to do so is not mandated. (Doc. No. 14 at 8.) While the Plaintiff's case law is persuasive, it was decided prior to the update which changed the language to "[w]e may recontact . . ." (Doc. No. 13 at 26.) 20 C.F.R. § 416.920(b)(2)(i). In contrast, the Defendant's cases were decided after the change. (Doc.

No. 14 at 8.) Even so, there was substantial evidence to support the ALJ's determination and a lack of evidence supporting the Plaintiff's concerns. Plaintiff is reminded it is her burden to prove her disability. E.g., *Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).

Plaintiff has advanced other arguments which I find are without merit. Ms. Porter's counsel has done an admirable job of advocating for Plaintiff. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is substantial evidence on the record as a whole that a "reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex. Rel. Reutter v. Barnhart*, 372 F.3d 946 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and the Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 11th day of June, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE